<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No. 05-1272**

---

GINA OLWOCH,

                                    Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                    Respondent.

---

**No. 05-1898**

---

GINA OLWOCH,

                                    Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                    Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals.  (A72-727-129)

---

Submitted:  January 31, 2006      Decided:  February 16, 2006

---

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

---

No. 05-1272, Rachel S. Ullman, JOHNSON, YANG & ULLMAN, P.C., Wheaton, Maryland; No. 05-1898, Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated petitions for review, Gina Olwoch, a native and citizen of Uganda, petitions for review of two separate orders of the Board of Immigration Appeals ("Board"): (1) affirming, without opinion, the immigration judge's denial of her application for cancellation of removal; and (2) denying her motion to reopen immigration proceedings to apply for adjustment of status.

Based on our review of the record, we find that substantial evidence supports the immigration judge's finding that Olwoch gave false testimony for the purpose of obtaining an immigration benefit and is therefore statutorily barred from establishing the requisite good moral character necessary for a grant of cancellation of removal. See 8 U.S.C. § 1101(f)(6) (2000) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was one who has given false testimony for the purpose of obtaining any benefits under this chapter."); 8 U.S.C.A. § 1229b(b)(1) (West Supp. 2005) (setting forth requirements for cancellation of removal for nonpermanent residents). Contrary to Olwoch's assertions, we find no evidence to suggest that the immigration judge failed to make the necessary findings regarding her subjective intent in

- 3 -

misrepresenting that she had no children.  We therefore deny the petition for review in No. 05-1272.

Additionally, our review of the record reveals that the Board did not abuse its discretion in denying Olwoch's motion to reopen immigration proceedings.  We therefore deny the petition for review in No. 05-1898 for the reasons stated by the Board.  <u>See</u> <u>In re: Olwoch</u>, No. A72-727-129 (B.I.A. July 22, 2005).

Accordingly, we deny the petitions for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>